IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


KAYNA EVANS,

        Plaintiff,     Case No. 3:11  oe 40002

   -vs-

                <u>MEMORANDUM   OPINION</u>

JOHNSON & JOHNSON, et al.,

        Defendant.

KATZ, J.

   This matter is before the Court on Defendants' unopposed motion for summary judgment. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.   For the reason stated below, the Defendants' motion is well taken.

### BACKGROUND

   In March 2011, Kayna Evans ("Evans") instituted this action against Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, LLC f/k/a R.W. Johnson Pharmaceutical Research Institute, Ortho-McNeil, Inc., and Ortho-McNeil Pharmaceutical, Inc. Evans' claims are grounded in negligence and products liability, among others.

   On October 19, 2011, the Court granted Plaintiff's counsel leave to withdraw as counsel. A copy of the Court's order (Doc. No. 9) was sent to Plaintiff's last known address and returned to the Court as "undeliverable."  (Doc. No. 12.)  Defendants' also unsuccessfully attempted to serve their motion for summary judgment upon Plaintiff via mail with the same result.  (Doc. No. 11.) A party prosecuting an action has an affirmative duty to keep the Court advised of its address.  To date, there has been no opposition filed to Defendants' motion for summary judgment filed on October 6, 2011.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*A. Summary Judgment Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* FED. R. CIV. P. 56(e)).

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch*

*Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

B. *Negligence Under Florida Law*

It is the Defendants' contention they are entitled to summary judgment as a matter of law as Evans cannot establish she suffered a compensable injury. In Evans' complaint she alleges having suffered a "stroke, right 6th and 7th nerve palsy and facial weakness, right face paralysis and double vision; and pain and suffering." (Doc. No. 1 at ¶ 15.) Defendants aver Plaintiff's Fact Sheet and medical records reveal a different set of circumstances. Plaintiff's medical records show that on February 18, 2010, Evans presented to a Dr. Ritu Badola for headaches, along with a history for migraines. (Callsen Affid. at ¶ 5.) Approximately 2 weeks later, Evans was admitted to an Orlando hospital for four days undergoing numerous medical test including an MRI and CT, all of which were reported as normal. (*Id.*) Subsequently, Evans was discharged on March 13, 2010, with a diagnosis of basilar migraines. (*Id.*) The medical records presented to Defendants did show a stroke or clotting event. (*Id.* at ¶ 6.)

There is no dispute that Evans was a resident of Florida at the time of her hospitalization, therefore, Florida law is applicable to her claims.

The issue of causation in a products liability context was best summarized as follows:

> To establish causation sufficient for a negligence claim in a products liability case, the plaintiff must prove by a preponderance of the evidence that his injury was proximately caused by the manufacturer's breach of its duty to produce a product reasonably safe for use. *See Indem. Ins. Co. V. N. Am. v. Am Aviation Inc.*, 344 F.3d 1136, 1146 (11th Cir. 2003) (per curiam) (applying Florida law). To prove causation under a strict products liability theory, a plaintiff must prove that

3

the product defect proximately caused his injury.  *See McCorvey*, 298 F.3d at 1257 (citing *Edward M. Chadbourne, Inc. v. Vaughn*, 491 So.2d 551, 553 (Fla. 1986)).

*Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1295 (11th Cir.), *cert. denied sub nom. McFarland v. Cheminova, Inc.*, 546 U.S. 935 (2005).

In this instance, the undisputed record demonstrates Evans cannot demonstrate she suffered the injuries alleged in her complaint.  Based upon the undisputed facts, Defendants have demonstrated an absence of evidence to support Plaintiff's claims.

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position.  *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

Here, Plaintiff has failed to raise a genuine issue of material fact on the issue of causation as well as damages.  In the absence of demonstrating a genuine issue of material fact sufficient to overcome a motion for summary judgment, the Defendants are entitled to judgment as a matter of law.  As Plaintiff's negligence and product liability claim are a basis for the remainder of her claims, judgment for the Defendants runs as to all claims.

### CONCLUSION

4

For the reasons stated above, Defendants' unopposed motion for summary judgment (Doc. No. 7) is granted.  This case is closed.  The Clerk is instructed to send a copy of this Order to the *pro se* Plaintiff forthwith.

IT IS SO ORDERED.

  S/ *David A. Katz*    
DAVID A. KATZ
U. S. DISTRICT JUDGE

5